UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN LAWSON, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>GENERAL ELECTRIC COMPANY,<br>　　　　Defendant. | Case No. 15-cv-02384-TEH<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |

This matter came before the Court on September 14, 2015 for a hearing on Defendant's motion to dismiss the Complaint for failure to state a claim based on a cognizable legal theory and for lack of subject matter jurisdiction. After careful consideration of the parties' briefing and oral argument, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's motion to dismiss for the reasons set forth below.

**I.　BACKGROUND**

Plaintiff Steven Lawson ("Plaintiff") worked as a welding technician for Dimetrics Incorporated, which contracted with Defendant General Electric Company ("Defendant") to have Plaintiff and other welders provide welding services on Defendant's nuclear power plants throughout the United States and internationally, namely on Defendant's Boiling Water Reactors ("BWRs"). Compl. ¶¶ 9, 19.

Plaintiff alleges that Defendant: (i) failed to provide Plaintiff with adequate safety measures, *id.* ¶¶ 11, 20, 21, 25; (ii) violated safety protocol with regard to the condition of piping systems during repairs, *id.* ¶ 12; (iii) required Plaintiff to return to work while

knowing that repeated radiation exposure would prevent Plaintiff from being able to receive medical x-rays in the future, *id.* ¶ 13; (iv) disregarded the extent and severity of Plaintiff's previous radiation exposure when sending Plaintiff to work in its nuclear reactors, *id.* ¶ 14; (v) purposefully misinformed Plaintiff and other employees about potential long term health effects of repeated radiation exposure, *id.* ¶¶ 15, 24; (vi) welded its BWRs improperly such that Plaintiff was exposed to excessive radiation while fixing the BWRs, *id.* ¶¶ 17, 18; (vii) failed to ensure proper and safe working conditions for Plaintiff and other employees, *id.* ¶ 21; and (viii) violated the Nuclear Regulatory Commission's ("NRC") radiation exposure safety guidelines by engaging in a deceptive accounting of Plaintiff's and other employees' annual radiation exposure, *id.* ¶¶ 22, 23.

Plaintiff suffers from brain degeneration with dementia, allegedly as a result of repeated exposure to excessive amounts of radiation. *Id.* ¶ 27. Defendant filed this Motion to Dismiss on July 24, 2015, on two separate bases: first, that Plaintiff's six state law claims are based on standards of care and theories of liability that are preempted by the Price-Anderson Act; and second, that this Court lacks subject matter jurisdiction. *See* Mot. to Dismiss at 1.

## II.  LEGAL STANDARD

### A.  Failure to State a Claim

Rule 12(b)(6) requires a court to dismiss a complaint when a plaintiff's allegations fail "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court may dismiss a complaint as a matter of law for one of two reasons: (1) if it lacks a cognizable legal theory; or (2) if it lacks sufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not equate to probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v.*

2

*Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In ruling on a motion to dismiss, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Courts are not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

### B. Subject Matter Jurisdiction

"If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). A party may raise this defense by filing a motion under Rule 12(b)(1).

"A party invoking federal jurisdiction has the burden of establishing that it has satisfied the 'case-or-controversy' requirement of Article III of the Constitution [and] standing is a 'core component' of that requirement." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "To satisfy Article III's case or controversy requirement, [a plaintiff] needs to show that he has suffered an injury in fact, that the injury is traceable to the challenged action of [the defendant], and that the injury can be redressed by a favorable decision." *Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004).

In ruling on a motion to dismiss for want of standing, the court must accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party. *Lema v. Courtyard Marriott Merced*, 873 F. Supp. 2d 1264, 1267 (E.D. Cal. 2012) (citing *Warth v. Seldin*, 422 U.S. 490, 501-02 (1975)).

## III. DISCUSSION

### A. Price-Anderson Preemption

Congress established a "comprehensive federal framework" for the nuclear power industry in 1946 by enacting the Atomic Energy Act, which gave the Atomic Energy Commission authority to regulate nuclear power plants. 42 U.S.C. § 2011 *et seq*.; *Roberts v. Florida Power & Light Co.*, 146 F.3d 1305, 1306 (11th Cir. 1998). Congress enacted the Price-Anderson Act in 1957 "to protect the public and to encourage the development of the atomic energy industry." Pub. L. No. 85-256, §1, 71 Stat. 576 (1957). The enactment addressed the issue of private utility companies' reluctance to enter the field of atomic energy due to the "risk of potentially vast liability in the event of a nuclear accident." *See Duke Power Co. v. Carolina Envtl. Study Grp., Inc.*, 438 U.S. 59, 64 (1978). The Price-Anderson Act fosters development of the nuclear industry by protecting both investors in the nuclear industry and victims of exposure through a system of liability limitation, indemnification, and insurance coverage requirements. The Act has been amended three times, including in 1988 when Congress created federal jurisdiction for public liability actions arising from nuclear incidents. 42 U.S.C. § 2014(hh).

#### 1. Plaintiff Alleges a Public Liability Action Under the Price-Anderson Act

Under Price-Anderson, a public liability action is "any suit asserting public liability." 42 U.S.C. §2014(hh). Public liability means, in pertinent part, "any legal liability arising out of or resulting from a nuclear incident." *Id.* at § 2014(w). A nuclear incident is "any occurrence … causing … bodily injury, sickness, disease, or death, or loss of or damage to property, or loss of use of property, arising out of or resulting from the radioactive, toxic, explosive, or other hazardous properties of source, special nuclear, or byproduct material." *Id.* at § 2014(q). To fall under the purview of "nuclear incident," the occurrence must either occur within the United States, or if it occurs outside of the United States, it must involve "source, special nuclear, or byproduct material owned by, and used by or under contract with, the United States." *Id.*

4

1 A "nuclear incident" need not be a large scale accident or other extraordinary occurrence, as evidenced by the legislative history of the language of the statute. *Gassie v. SMH Swiss Corp.*, No. CV-97-3557, 1998 WL 71647 at *5-6 (E.D. La. Feb. 17, 1998) (Congress changed language from "extraordinary nuclear occurrence" to "any nuclear incident" in 1988 amendment). Courts have construed the phrase "nuclear incident" broadly, finding public liability actions regardless of the size of the occurrence or whether the incident involves atomic energy. *See, e.g., Gassie* at *6 (holding that tritium leaking from Swatch watches constitutes a nuclear incident under Price-Anderson). Thus, Plaintiff's alleged exposure to radiation on the job is enough to constitute a nuclear incident in this case.

### 2. Price-Anderson Is Not a Complete Preemption Statute

At issue in this case is the extent of the preemptive force of the Price-Anderson Act. Plaintiff contends that the Ninth Circuit has not conclusively spoken on the issue, unlike other circuits that have held that Price-Anderson categorically preempts state tort claims. In response to Defendant's citation of two Ninth Circuit cases[1], Plaintiff distinguished the cases by stating that the Court's attention was not directed at the issue of preemption, but rather at whether Price-Anderson's reach included claims that were absent physical injury. Defendant contends through briefing and oral argument that Price-Anderson is a complete preemption statute.

It is well settled that "the safety of nuclear technology [is] the exclusive business of the Federal Government." *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 208 (1983). However, that statement does not extend so far as to preempt every claim related to nuclear power. The Price-Anderson Act, while creating the "public liability action" as a federal cause of action, also requires that the substantive rules of decision to be applied in such cases "shall be derived from the law of

---

[1] *In re Berg Litig.*, 293 F.3d 1127, 1131-33 (9th Cir. 2002); *Dumontier v. Schlumberger Tech. Corp.*, 543 F.3d 567, 570 (9th Cir. 2008).

the state in which the nuclear incident involved occurs, unless such law is inconsistent with the provisions of" the Act. 42 U.S.C. § 2014(hh).

Thus, Price-Anderson does not categorically preempt all claims in the field of nuclear safety; it merely preempts those that are inconsistent. *See, e.g. Corcoran v. New York Power Auth.*, 935 F. Supp. 376 (S.D.N.Y. 1996) (state law claim for fraudulent concealment not inconsistent with Price-Anderson); *Cook v. Rockwell Int'l Corp.*, 273 F. Supp. 2d 1175 (D. Colo. 2003) (landowners' trespass and nuisance claims not preempted by Price-Anderson); *Bohrmann v. Maine Yankee Atomic Power Co.*, 926 F. Supp. 211 (D. Me. 1996) (fraud, IIED and battery claims not preempted because safety standards had no bearing on defendant's liability for intentional acts); *Joseph v. Sweet*, 125 F. Supp. 2d 573 (D. Mass. 2000) (procedure of pre-filing screening of complaints by tribunal to decrease frivolous claims not inconsistent with Price-Anderson).

### 3. Standards of Care That Conflict with Price-Anderson Are Preempted

Courts have interpreted the effect of Price-Anderson's "hybrid" provision as allowing state claims to proceed, but only so long as the measure of the defendant's duty is proscribed by federal safety regulations setting forth radiation exposure limits. *See, e.g., Roberts*, 146 F.3d at 1308 ("federal safety regulations conclusively establish the duty of care owed in a public liability action"); *O'Conner v. Commonwealth Edison Co.*, 13 F.3d 1090, 1105 (7th Cir. 1994) ("federal regulations must provide the sole measure of the defendants' duty in a public liability cause of action"); *In re Hanford Nuclear Reservation Litig.*, 534 F.3d 986, 1003 (9th Cir. 2007); *In re TMI Gen. Publ. Utils. Corp.*, 67 F.3d 1103, 1115-16 (3d Cir. 1995), *cert. denied*, 516 U.S. 1154 (1996). The dose limits are an attempt to reconcile public and worker safety with the inevitable reality that "radiation workers of necessity will receive some low level radiation exposure because some exposure is an unavoidable aspect of working in a radiation area." *O'Conner v. Commonwealth Edison Co.*, 748 F. Supp. 672, 678 (C.D. Ill. 1990).

The Ninth Circuit has stated that "federal law preempts states from imposing a more stringent standard of care than federal safety standards." *Hanford*, 534 F.3d at 1003. In *Hanford*, the Ninth Circuit affirmed the district court's finding that the defendants were subject to strict liability, but only because at the time the incident occurred (the early 1940s) there were no federal standards governing emission levels in existence. *Id.* at 1004. The court suggested, however, that if federal standards had existed, they would have preempted state-derived standards of care. *Id.*

The reasonableness standard of care cannot remain the standard for a public liability action, because to allow a reasonableness standard would "put juries in charge of deciding the permissible levels of radiation exposure and, more generally, the adequacy of safety procedures at nuclear plants – issues that have explicitly been reserved to the federal government." *TMI*, 67 F.3d at 1115, *citing Pac. Gas & Elec.*, 461 U.S. at 212; *see also Hanford*, 534 F.3d at 1003 (allowing jury to decide on basis of reasonableness standard "would undermine the purpose of a comprehensive and exclusive federal scheme for nuclear incident liability"). Therefore, Plaintiff's negligence claim may proceed, but it becomes the "public liability action" created by Price-Anderson, with the sole duty of care provided by Title 10 of the Code of Federal Regulations.[2]

Plaintiff alleges six state law causes of action based on theories of liability that are inconsistent with Price-Anderson. Plaintiff's first cause of action – negligence – is not entirely preempted but asserts duties that are more stringent than the federal dose limits. *See* Compl. ¶ 31, 33, 41. Plaintiff's second and third causes of action are preempted by Price-Anderson because they are based on the theory of strict liability. *See O'Connor v. Boeing N. Am. Inc.*, Nos. CV-97-1554-DT et al., 2005 WL 6035255 at *43 (C.D. Cal. Aug 18, 2005) ("Strict liability is inconsistent with Price-Anderson if it would enable a plaintiff

---

[2] Plaintiff alleges that the occupational radiation exposure limit applicable to Plaintiff is 5 Rem (5000 MR) of radiation annually, as provided by 10 C.F.R. § 20.1201(a)(1). Compl. ¶ 33. Defendant argues that the limits may be different depending on the specific dates of any nuclear incidents. Mot. to Dismiss at 2 n.1. This Court agrees with Defendant that the applicable limits will depend on the dates of the incidents. *See TMI*, 67 F.3d at 1108 n.10 (court applying regulations in place at time of the accident).

7

to recover from a defendant in a public liability action[] without first establishing that the defendant breached a federally imposed duty of care."). Plaintiff's fourth cause of action – premises liability – is similarly preempted because the claim would enable Plaintiff to recover without Defendant having breached the dose limits. Plaintiff's fifth cause of action – negligence per se – asserts statutory standards of care that are not the federal dose limits; therefore, it is preempted. *See* Compl. ¶ 64. Finally, Plaintiff's sixth cause of action – loss of consortium – is a derivative claim, so it is also preempted to the extent that it is based on any of the preempted state law causes of action. *See Koller v. Pinnacle W. Capital Corp.*, No. CV-06-2031-PHX-FJM, 2007 WL 446357 at *3 (D. Ariz. Feb 6, 2007).

### B. Venue Under Price-Anderson

Defendant also alleges that this Court does not have subject matter jurisdiction over Plaintiff's Price-Anderson claims. Specifically, Defendant asserts that the subject matter jurisdiction provision of Price-Anderson does not allow this Court to exercise jurisdiction over claims that do not allege a nuclear incident occurring in the Northern District. Plaintiff alleges that a "substantial part of the events or omissions giving rise to these claims occurred in this District." Compl. ¶ 1. The Complaint alleges that Plaintiff worked on Defendant's nuclear power plants "through the United States, including California, New York, Vermont and internationally, including Spain." *Id.* ¶ 3.

The pertinent provision of the Price-Anderson Act states:

> With respect to any public liability action arising out of or resulting from a nuclear incident, ***the United States district court in the district where the nuclear incident takes place,*** or in the case of a nuclear incident taking place outside the United States, the United States District Court for the District of Columbia, ***shall have original jurisdiction*** without regard to the citizenship of any party or the amount in controversy. Upon motion of the defendant or of the Commission, or the Secretary, as appropriate, any such action pending in any State court . . . or United States district court shall be removed or transferred to the United States district court having venue under this subsection. Process of such district court shall be effective throughout the United States."

42 U.S.C. § 2210(n)(2) (emphasis added).

Plaintiff contends that Congress did not intend Section 2210(n)(2) to be the sole source of federal jurisdiction. *See Cook v. Rockwell Int'l Corp.*, 618 F.3d 1127, 1135 (10th Cir. 2010); *Kerr-McGee Corp. v. Farley*, 115 F.3d 1498, 1505 (10th Cir. 1997) ("[E]xclusive jurisdiction is not conferred unless conferred explicitly."). In *Kerr-McGee*, the Court of Appeals for the Tenth Circuit reasoned that Congress may have chosen to leave state courts with jurisdiction (instead of creating exclusive federal jurisdiction through Section 2210(n)(2)) for efficiency reasons. 115 F.3d at 1505. The Court noted that because Price-Anderson provides that the federal substantive rule of decision in a public liability action remains "based in part on state law," it would make sense that Congress intended to leave some public liability action claims in state court. *Id*.

Thus, what Defendant mischaracterizes as a bar to this Court's subject matter jurisdiction is actually a venue issue. Plaintiff alleges nuclear incidents in multiple districts; thus, analogizing to general venue rules, venue would be proper in any district where a nuclear incident occurred. *See, e.g.,* 28 U.S.C. § 1391(b)(2) ("a civil action may be brought in … a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred"). Accepting all material allegations of fact in the Complaint as true, this Court finds that venue is proper in the Northern District of California at this point in the proceedings.

## IV. CONCLUSION

For the reasons set forth above, the Court concludes that this Court has subject matter jurisdiction over this case. However, the Price-Anderson Act preempts the standards of care asserted in Plaintiff's state law causes of action; therefore Plaintiff's claims are DISMISSED without prejudice. Defendant's motion to dismiss therefore is GRANTED IN PART and DENIED IN PART.

//

//

//

Plaintiff may amend the complaint to assert a public liability action, or any cause of action that does not conflict with the Price-Anderson Act, and shall do so on or before **October 7, 2015**.

**IT IS SO ORDERED.**

Dated: 09/23/15  _____
THELTON E. HENDERSON
United States District Judge